IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE NO. |
| v. | 1:16-CR-145-TWT-JKL-32 |
| JAMES TRAVIS RILEY (32) | |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court are the following motions filed by Defendant James Travis Riley:

− Motion for Disclosure and Access to Confidential Informants [Doc. 861]

− First Motion to Sever Co-Defendants and Their Charges for Trial [Doc. 863]

− Motion for Bill of Particulars and Preliminary Motion to Dismiss Indictment [Doc. 864]

− Motion for Accelerated Disclosure of *Jencks* Act and *Giglio* Materials [Doc. 981]

The Court addresses the pending motions in the following order: (1) the motion to sever, (2) the motion for a bill of particulars, (3) the motion for disclosure of confidential informants, and (4) the motion for accelerated disclosure. For the following reasons, it is **RECOMMENDED** that the motion to sever be denied. It is further **ORDERED** that the remaining motions be **DENIED**.

## I. BACKGROUND

The indictment in this case alleges two separate conspiracies: a RICO conspiracy among alleged members of the Gangster Disciples (Count One); and a drug trafficking conspiracy (Count Twelve). Riley is not charged in the RICO conspiracy count; instead, he is charged solely with conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, along with several other defendants who are also charged in Count One. [*See* Doc. 1 at 48.] Specifically, the indictment alleges that on or about August 6, 2015, co-defendants Shauntay Craig, Alvis O'Neal, and Nicholas Evans mailed approximately four pounds of methamphetamine through the U.S. Mail, with at least one pound of methamphetamine going to Riley. [*Id.* at 37 (Overt Act 109).]

The indictment further alleges that at that time, Riley was the Gangster Disciples Governor for Kansas, a position of authority within the organization.[1]  [*Id.*]

## II.   MOTION TO SEVER [863]

### A.   The Parties' Arguments

Riley moves to sever the trial against him from all other co-defendants on the grounds that he will be unduly prejudiced by the admission of evidence of alleged racketeering conspiracy activity with which he had no involvement. [Doc. 863 at 3.]  He argues that he has been improperly joined as a defendant because he is not alleged to have been a member of the leadership of the Gangster Disciples or that he participated in "the more heinous crimes charged in the indictment." [*Id.*]  He further maintains that "significantly different facts will have to be presented to prove the RICO allegations than will be necessary to prove the drug-related charge against him." [*Id.*]  In addition, he contends that, even if joinder is proper, he faces prejudicial spillover. [*Id.* at 8-9.]

Riley also requests that, in the event that the government produces statements of a co-defendant that inculpate him, that his trial be severed from

---

[1] The indictment alleges a "Governor" is the highest-ranking Gangsters Disciples member within a particular state and is aware of and coordinates much of the criminal activity occurring within that state. [Doc. 1 at 3.]

such defendants under *Bruton v. United States*, 391 U.S. 123 (1968).  [Doc. 863 at 9.]

The government responds that Riley is properly joined as a defendant in this case because he is charged in the same conspiracy as other defendants who are charged in the RICO conspiracy count and because the evidence for Overt Act 109 is the same for Count Twelve.  [Doc. 893 at 1-2, 3-4.]  The government also argues that Riley has not demonstrated that he will receive an unfair trial and suffer prejudice if tried together with co-defendants.  [*Id.* at 4-6.]  The government maintains that any danger of prejudicial spillover can be cured with a cautionary instruction to the jury.  [*Id.* at 6]

### B. Discussion

#### 1. Riley is Properly Joined as a Defendant

The Court's analysis begins with the threshold issue of whether joinder of Riley as a defendant in this case is proper.  Federal Rule of Criminal Procedure 8(b) provides that joinder of defendants is proper "if they are alleged to have participated in the same . . . series of acts or transactions constituting an offense or offenses."  To meet the "same series of acts or transaction" requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that

4

each participant participate in all acts or even know the other participants' roles in the alleged activities. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

It is well-established that joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy. *See United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011).

In this case, the indictment alleges that Riley participated in the drug trafficking conspiracy charged in Count Twelve, the underlying circumstances of which are identified as an overt act that his alleged co-conspirators Shauntay Craig and Alvis O'Neal took in furtherance of the RICO conspiracy charged in Count One. [Doc. 1 at 37.] Rule 8(b) is a pleading rule, and courts look to the indictment to determine whether joinder is proper under that rule. *See United*

*States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001); *United States v. Melvin*, 143 F. Supp. 3d 1354, 1363 (N.D. Ga. 2015).  Based on the allegations in the indictment, the Court readily concludes that joinder is proper under the "same series of acts or transaction" requirement of Rule 8(b).

Having found that Rule 8(b) is satisfied, the Court next turns to whether the potential prejudice to Riley at trial warrants severance.  Federal Rule of Criminal Procedure 14 allows for severance if it appears that a defendant will be prejudiced by a joinder of offenses or defendants.  "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  The Eleventh Circuit has explained that "[s]everance . . . is "warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense."  *Liss,* 265 F.3d at 1228 (citation omitted).  "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict.'"  *Id*. (quoting *United States v. Meester*, 762 F.2d 867 (11th Cir.1985)).  Cautionary instructions to the jury are presumed to adequately safeguard against prejudice. See *Lopez*, 649 F.3d at 1235 (cautionary instructions

to the jury "ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt").

The Court is not persuaded that the nature and circumstances of Riley's alleged involvement in Overt Act 109 warrants severance under Rule 14. The thrust of Riley's argument is that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to him. But that is a risk that is potentially present in any multi-defendant conspiracy case. As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a lesser level of participation in the conspiracy. *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989) ("In a conspiracy case, coconspirators should usually be tried together; the fact that a defendant only participated in one aspect of the conspiracy does not by itself warrant severance."). Whatever risk there may be can likely be cured through limiting instructions to the jury. *See Zafiro*, 506 U.S. at 539. Accordingly, at this point, the Court concludes that Riley has not demonstrated that he would suffer such specific and compelling prejudice to mandate severance. Riley's motion to sever due to prejudicial spillover should therefore be denied.

### 2.     Severance Based on *Bruton*

In a single paragraph at the conclusion of his motion to sever, Riley also moves for severance under *Bruton*. In *Bruton*, the Supreme Court held that post-arrest statements made by a non-testifying co-defendant that incriminate other defendants are inadmissible because such statements violate the other defendants' Sixth Amendment rights to confront and cross-examine adverse witnesses. 391 U.S. at 126. Riley has not identified any specific statement or testimony that might be offered at trial that would create a problem under *Bruton*, nor has he identified any co-defendant who made a statement or whether such defendant is going to trial. Accordingly, at this point, the Court is unable to evaluate the motion and the appropriateness of any remedial efforts that could be taken at trial to avoid a *Bruton* problem. Accordingly, it is recommended that the Riley's motion to sever be denied at this time.

### C.     Summary

In sum, it is **RECOMMENDED** that Riley's First Motion to Sever Co-Defendants and Their Charges For Trial [Doc. 863] be **DENIED** at this time. It bears mentioning, however, that severance is within the discretion of the trial judge, who must ultimately balance the efficient and orderly presentation of the case with the possibility of prejudice to defendants and the ability to cure such

prejudice with instructions. This is a complex case involving many defendants and issues may arise as this matter moves toward trial that may justify another look at severance of this and other defendants for trial. Although I recommend denying the motion at this stage in the proceedings, the trial judge may, of course, revisit the question of severance closer to trial. *See United States v. Alcindor*, No. 1:05-CR-0269-TWT-CCH, 2005 WL 8148993, at *5 (N.D. Ga. Dec. 7, 2005) (denying motion for severance but noting that severance is within the province of the trial judge), *report and recommendation adopted*, 2006 WL 8426658 (N.D. Ga. Mar. 10, 2006).

### III.  MOTION FOR A BILL OF PARTICULARS [864]

In his motion for a bill of particulars, Riley requests that the government "[s]pecify any other alleged conspirators, whether indicted or not, who supposedly collaborated with either Defendant Riley and/or Nicholas Evans in the alleged transactions and the nature of, and dates, of such involvement." [Doc. 864 at 1.]

The government generally responds that Riley's motion is improper attempt to obtain discovery. [Doc. 1002.] Nonetheless, the government states that "those indicted in Count 12 along with Riley and Evans are collaborators,

9

including but not limited to co-defendants Craig, Summers and Covington." [*Id.* at 14.]

Federal Rule of Criminal Procedure 7(f) explains that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (citation omitted). A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial. *See United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 2016), *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986).

The Court is persuaded that the government's response regarding the particulars requested by Riley, in which it identifies the other persons who allegedly collaborated with Riley and Evans, is sufficient to address part of Riley's request. As for the remainder of the request seeking details regarding each alleged transaction, Court finds that the indictment provides sufficient detail to inform him of the charges against him. *See United States v. Henley*, No. 1:16-cr-151-LMM-JFK, 2017 WL 2952821, at *16 (N.D. Ga. May 19, 2017) (denying motion for bill of particulars seeking details concerning overt acts taken in furtherance of extortion and drug conspiracies), *report and recommendation adopted*, 2017 WL 2918954 (N.D. Ga. July 7, 2017); *United States v. Reid*, No. 3:09-CR-312-J-34TEM, 2010 WL 2653229, at *2 (M.D. Fla. July 2, 2010) (denying request for bill of particulars to specify date when alleged conspiracy was formed and the date on which each defendant joined conspiracy where indictment provided the purpose of the alleged conspiracy, the participation of the defendant in the conspiracy, and the overt acts that defendant allegedly committed, as well as approximate dates of activity). [*See also* Doc. 1 at 37.] Riley has failed to specify how additional details are necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding. *See United States v. Giffen*, 379 F. Supp. 2d 337, 346 (S.D.N.Y.

2004) ("The ultimate test in deciding whether a bill of particulars should be ordered is whether the information sought is necessary, as opposed to helpful, in preparing a defense.").

For the above reasons, Riley's Motion for a Bill of Particulars [Doc. 864] is **DENIED**.[2]

## IV. MOTION FOR DISCLOSURE AND ACCESS TO CONFIDENTIAL INFORMANTS [861]

In his motion for to disclose confidential informants, Riley moves to compel the government to disclose the "names, addresses, birth dates, telephone numbers, and other identifying information concerning informants in this case" and requests access to the informants once their identities are made known. [Doc. 861 at 1.] Riley argues that the government has indicated that there is at least one confidential informant who may have had contact with individuals in connection with the conspiracy and that the confidential informant was involved in the planning and execution of the drug transaction that is the subject of Count 12.

---

[2] Although Riley's Motion for a Bill of Particulars is also captioned as a "Preliminary Motion to Dismiss Indictment," Riley only states that he "reserves the right to timely move for dismissal for the government's failure to particularize the indictment, or for misjoinder" under Fed. R. Crim. P. 8. [Doc. 864 at 1.] Accordingly, there does not appear to be a motion to dismiss pending. To the extent that a ruling is necessary, the Court **RECOMMENDS** that the Court **DENY** the motion to dismiss without prejudice.

[*Id.* at 4.]  Riley contends that he should be permitted to question the informant about the transaction and that, because he or she will likely have first-hand knowledge of Riley's involvement (or lack thereof), Riley's need for access outweighs the government's interest in maintaining secrecy of the confidential informant's identity.  [*Id.*]

It is well-established that the government has a limited privilege to withhold the identity of law enforcement informants.  *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  The purpose of this privilege "is the furtherance and protection of the public interest in effective law enforcement."  *Id*.  But where the disclosure of an informant's identity or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the trial court may require disclosure.  *Id*. at 60-61.  In balancing these interests, the Court must take into account "the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony."  *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991).  Courts in this Circuit consider the following three factors in evaluating whether the government should be required to reveal the identity of informants: "(1) the extent of the CI's participation in the criminal activity; (2) the directness of the relationship between the defendant's

13

asserted defense and the probable testimony of the CI; and (3) the government's interest in nondisclosure." *United States v. Razz*, 240 F. App'x 844, 847 (11th Cir. 2007) (citing *Gutierrez*, 931 F.2d at 1490).

The concerns in *Roviaro* are generally inapplicable, however, where the government intends to call the informant as a witness at trial. *See Banks v. Dretke*, 540 U.S. 668, 697 (2004) ("The issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness."); *United States v. Rook*, No. 1:15-CR-380-SCJ, 2016 WL 2344877, at *3 (N.D. Ga. May 3, 2016); *United States v. Pineda*, No. 1:11-CR-00006-CAP-JFK, 2012 WL 2906758, at *44 (N.D. Ga. June 4, 2012), *adopted at*, 2012 WL 2907447 (N.D. Ga. July 16, 2012). Here, the government has indicated that it intends to call the confidential informant(s) relating to the charge against Riley as a witness during the trial and will disclose the identity of the informant(s) prior to the trial and provide any related *Jencks* Act, *Brady*, and *Giglio* materials related to the confidential informant(s). [Doc. 997 at 6.] In light of this representation, the Court will not require the government to disclose the identity of such confidential informant(s) at this time.

The Court additionally concludes that Riley has not met the second *Roviaro* factor—*i.e.*, a direct relationship between his defense and the probable testimony of the informant. Riley generally avers that he would like to have access to the confidential informant because the person would likely have personal knowledge of Riley's involvement in the alleged conspiracy. [Doc. 861 at 4.] This is insufficient. Riley has not indicated what information he believes that he would obtain from the confidential informant or why it would materially support his defense. In fact, Riley does not specify what defense that might be. As to Riley's contention that he must have access to the confidential informant to determine whether the informant might provide exculpatory information, the Court notes that the government is bound by *Brady* to provide such information.

For the foregoing reasons, the Court concludes that *Roviaro* does not require disclosure of the confidential informant identity at this time. Riley's Motion for Disclosure and Access to Confidential Informants [Doc. 861] is therefore **DENIED**.

### V. MOTION FOR ACCELERATED DISCLOSURE OF *JENCKS* ACT AND *GIGLIO* MATERIALS [981]

Riley moves the Court to order the government to disclose all *Jencks* Act and *Giglio* material be made available at least four months before trial because the discovery in this case is "overwhelming." [Doc. 981 at 1.]

With respect to *Jencks* Act material, the government responds that the Court is not authorized to compel the government to disclose such material prior to when a witness has testified. [Doc. 1074 at 1-3.] The government is correct. The *Jencks* Act plainly requires that a witness statement be produced only after the witness testifies. 18 U.S.C. § 3500(b).[3] There is no authority for the Court to grant an early release or disclosure of that material. *See United States v. Jordan*, 316 F.3d 1215, 1227 n.17, 1251 & n.78 (11th Cir. 2003); *United States v. Jones*,

---

[3] The *Jencks* Act provides in relevant part as follows:

> ***After a witness called by the United States has testified on direct examination***, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the ***witness has testified***. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18 U.S.C. § 3500(b) (emphasis added).

No. 1:05-CR-617-WSD, 2007 WL 2071267, at *14 (N.D. Ga. July 19, 2007) ("The *Jencks* Act materials . . . are not subject to disclosure until the government witness testifies at trial on direct examination, or earlier if the government agrees."), adopted at *3-4.[4]

With regard to *Giglio*, the government correctly points out that "a defendant does not generally have a right to early disclosure of impeaching information," and here, the government's "agreement to abide by its *Brady*, *Jencks* and *Giglio* obligations . . . [is] sufficient." *United States v. Pineda*, No. 1:11-CR-00006-CAP-JFK, 2012 WL 2906758, at *44 (N.D. Ga. June 4, 2012), *adopted by* 2012 WL 2907447, at *1 (N.D. Ga. July 16, 2012) (citation omitted). The government also objects to producing *Giglio* material because early disclosure may endanger the safety of witnesses. The government specifically points to the nature of the acts alleged in the indictment, including retaliation against witnesses. [Doc. 1074 at 7.]

The Court agrees with the government. The Court's pretrial scheduling order directs the government to produce provide all materials and information in

---

[4] The government represents that the cooperating witnesses are expected to testify at trial and that it will provide *Jencks* Act material pertaining to witnesses around 14 days before the witness testifies. [Doc. 1074 at 3.]

compliance with its obligations under *Giglio*. [Doc. 272 at 6.] The scheduling order further provides that a party can request a modification of this standard ruling by filing a particularized motion for relief. [*Id.* at 5.] Here, Riley's sole reason for seeking accelerated disclosure of *Giglio* materials is that discovery is "overwhelming" and there is no real indication as to why four months' time is required. Moreover, the government has indicated that it will provide *Jencks* Act material approximately 14 days before the witness testifies, and the Court presumes that the government intends to disclose any *Giglio* materials at that time as well, if not earlier. Absent a more particularized showing as to why *Giglio* material is needed four months in advance of trial, the Court will deny the motion.

Accordingly, the Court **DENIES** Riley's Motion for Accelerated Disclosure of *Jencks* Act and *Giglio* Materials [Doc. 981].

## VI.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Riley's First Motion to Sever Co-Defendants and Their Charges for Trial [Doc. 863] be **DENIED**. Further, it is **ORDERED** that Riley's Motion for Disclosure and Access to Confidential Informants [Doc. 861]; Motion for Bill of Particulars and Preliminary Motion to Dismiss Indictment [Doc. 864]; and Motion for

Accelerated Disclosure of Jencks Act and Giglio Materials [Doc. 981] be **DENIED**.

There are no matters pending for Defendant Riley (32), and the Court has not been advised of any impediment to the scheduling of a trial as to this defendant. Accordingly, this matter as to this defendant is **CERTIFIED READY FOR TRIAL.**[5]

**IT IS SO ORDERED, RECOMMENDED, AND CERTIFIED** this 4th day of October, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[5] Since matters pertaining to Riley's codefendants still are pending, the District Court is not required to place Riley's case on the trial calendar at this time. 18 U.S.C. § 3161(h)(6).